IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:21-CR-303-S |
| § | |
| BRITTANY DESIREE HENRY § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

By electronic order of reference dated December 30, 2022 (doc. 15), before the Court are the *Petition for Person Under Supervision*, filed October 11, 2022 (doc. 6), and the *Petition for Person Under Supervision*, filed November 7, 2022 (doc.9). The defendant appeared in person and through counsel for a final revocation hearing on January 12, 2023. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and she should be sentenced to an additional term of imprisonment of **NINE (9)** months, with no additional term of supervised release to follow.

**I.  BACKGROUND**

After initially being charged by complaint, Brittany Desiree Henry (Defendant) was charged by indictment filed in the Western District of Texas with conspiracy to possess with intent to distribute and distribution of 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (*See* doc. 2-1 at 1-7.)[1] She pleaded guilty, and by judgment dated February 17, 2015, she was sentenced to 87 months of imprisonment, to be followed by a five-year term of supervised release. (*See* doc. 2-1 at 50-55.) She began her term of supervised release on August 11, 2020, and jurisdiction was transferred to the Northern District of Texas by order dated June 28, 2021.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* doc. 1.)

A. **First Petition**

On October 11, 2022, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (First Petition) alleging the following violations:

**I.**

**Violation of Mandatory Condition No. 3**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Violation of Additional Condition**

The defendant shall refrain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

**Nature of Noncompliance**

Brittany Desiree Henry violated these conditions of supervised release by using marijuana and methamphetamines, illegally controlled substances, in or about May 2022. On May 19, 2022, Ms. Henry submitted a urine specimen at the probation office in Dallas, Texas that tested positive for amphetamines and marijuana. On August 25, 2022, the urine specimen was confirmed positive for marijuana and methamphetamines.

**II.**

**Violation of Mandatory Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the

court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

### Violation Standard No. 15

The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addition or drug or alcohol dependency which include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant my be required to contribute to the costs of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

### Nature of Noncompliance

Ms. Henry violated this condition of supervised [release] by failing to attend random drug testing at Phoenix Associates Counseling Services (PACS), a contract vendor in Dallas, Texas on February 27, 2021, July 20, 2022, July 25, 2022, August 23, 2022, August 30, 2022, September 6, 2022, and September 27, 2022.

(*See* doc. 6.)

**B.**     **Second Petition**

On November 7, 2022, the supervising USPO submitted a second petition for person under supervision (Second Petition) that included all of the same violations as the First Petition almost verbatim, but also alleged the following violations:

### III.

### Violation of Standard Condition No. 2

The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

### Nature of Noncompliance

Ms. Henry violated this condition of supervised release by failing to submit monthly progress reports to the U.S. Probation Office during the months of September 2022, and October 2022.

IV.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state or local crime during the term of supervision.

**Nature of Noncompliance**

On October 26, 2022, in the city of Dallas, Texas, Ms. Henry violated this condition of supervised release by assaulting a police officer and being in possession of marijuana, as evidenced by her arrest by the Dallas Police Department (DPD) for Assault Peace Officer/ Judge, in violation of Texas Penal § 22.01 (b-2), a 2nd Degree Felony, Case No. F2259381 and Possession of Marijuana < 2 Ounces, in violation of Texas Health & Safety Code § 481.121 (B)(1), a Class A misdemeanor. Ms. Henry is currently housed at Dallas County Jail with a bond of $75,000. Her court date is pending.

(doc. 9.)

**C.  Initial and Revocation Hearings**

Defendant was arrested and made her initial appearance in this district on December 30, 2022. (*See* doc. 16.) On that date, she waived her right to a preliminary hearing under Fed. R. Civ. P. 32.1 but elected to proceed with a detention hearing, after which she was ordered detained pending a revocation hearing. (*See* docs. 14, 17.)

Defendant appeared for a final revocation hearing on January 12, 2023. After her competence was established, Defendant testified under oath that she understood the violations alleged in the two petitions, and the range of punishment for those violations. She also understood that she had the right to plead not true and have a hearing concerning whether she committed those violations, and that revocation was mandatory. Despite her understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the two petitions before a United States Magistrate Judge. She sought to be heard, however, on the issue of the appropriate sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that she be sentenced

4

to an additional term of imprisonment of **NINE (9)** months with no additional term of supervised release. Defendant was advised of her right to appear and speak, and to have her counsel appear and speak, before the assigned district judge prior to the recommended sentence being imposed.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to

>   section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on her knowing and voluntary plea of true to the violations in the two petitions, the Court finds that Defendant has violated Mandatory Condition No. 3, Standard Condition No. 7, the Additional Condition, the Mandatory Condition, and Standard Condition No. 15, as alleged in the two petitions, and Standard Condition No. 2 and the Mandatory Condition alleged in the Second Petition. Because she violated her conditions of supervised release by possessing a controlled substance and refusing to comply with drug testing, revocation of her supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is five years. (*See* doc. 9 at 4, citing 18 U.S.C. § 3583(e)(3).) Based

---

[2]The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

upon a violation grade of B and a criminal history category of III, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 8 to 14 months. (*See id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*See id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of life, minus the revocation sentence. (*See id.,* citing 18 U.S.C. § 3583(h).)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **NINE** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case. According to the petitions, Defendant successfully completed a random drug testing program but tested positive for marihuana and methamphetamine approximately one year later. She was placed back in random drug testing but failed to report. Efforts to contact her were unsuccessful, and a summons for her to appear to address violations could not be served because a valid address for her was not available. She was arrested when officers responded to a disturbance in a room at a hotel. Officers instructed the occupants to come out of the room, and as Defendant began to exit the room, the other occupant slammed the door, and Defendant began pulling on the door handle while an officer's hand was stuck in the door. The officer received stitches in his hand as a result. At the time of her arrest, Defendant was in possession of a marihuana cigarette. (*See* docs. 6, 9.) Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence with no

additional term of supervised release to follow, will afford adequate deterrence and protect the public from further crimes.

## III. RECOMMENDATION

Defendant's plea of true to the violations in the Petition should be accepted, her term of supervised release should be **REVOKED**, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **NINE (9) MONTHS**, with no additional term of supervised release to follow. The Court should recommend that Defendant be housed in a Bureau of Prisons facility in Bryan, Texas, if appropriate.

**SO RECOMMENDED on this 12th day of January, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE